IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                          )
                                           )      CASE NO. BK01-83236
ADESTA COMMUNICATIONS, INC.,               )
                                           )
             Debtor.                       )      Chapter 11

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ADESTA COMMUNICATIONS, INC. FOR AN ORDER AUTHORIZING
THE COMMITTEE TO EMPLOY PACHULSKI, STANG, ZIEHL,
YOUNG & JONES AS GENERAL BANKRUPTCY COUNSEL, NUNC PRO TUNC
TO NOVEMBER 14, 2001 PURSUANT TO 11 U.S.C. §§328
AND 1103 AND FED. R. BANKR. P. 2014

The Official Committee of Unsecured Creditors of Adesta Communications, Inc.

("Committee") applies to this Court for the entry of an Order, nunc pro tunc to November 14,

2001, pursuant to 11 U.S.C. §§328 and 1103 and Fed. R. Bankr. Pl 2014, authorizing the

employment of Pachulski, Stang, Ziehl, Young & Jones, P.C. ("PSZY&J" or the "Firm:) as

counsel for the Committee.  In support of this Application, the Committee refers the Court to the

Declaration of John D. Fiero (the "Fiero Declaration") attached hereto as Exhibit A and

incorporated in full by reference, and respectfully represents as follows:

        1.      On November 2, 2001, Adesta Communications, Inc. (the "Debtor") filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

        2.      Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues

in the management and operation of its business and properties as Debtor in possession.  No

trustee or examiner has been appointed in these cases.

3.      On November 8, 2001, the Office of the United States Trustee, pursuant to

Section 1102(a)(1) of the Bankruptcy Code, appointed the members of the Committee.

Following the Committee organizational meeting, the Committee selected the Firm to serve as its

counsel and also selected the Brashear & Ginn firm to serve as its local counsel. The Committee

requested that PSZY&J immediately commence work on the Committee's behalf.

4.      Through this Application, the Committee seeks nunc pro tunc authority to

employee the Firm as of November 14, 2001.

5.      PSZY&J is a law firm with extensive experience and expertise in bankruptcy and

reorganization proceedings. The Committee seeks the employment of the Firm to represent it and

perform services as counsel for the Committee in connection with carrying out its fiduciary duties

and responsibilities pursuant to Section 1103(c) of the Bankruptcy Code and other provisions

thereof.

6      The Firm has served as counsel to the unsecured creditors' committees in

numerous chapter 11 cases and has extensive experience in representing debtors, trustees,

individual creditors, special interest committees, asset purchasers and investors in both in and out-

of-court restructurings. The Firm's depth of experience in the areas of insolvency, business

reorganizations, debtor/creditor matters, transactional matters, and litigation makes it uniquely

qualified to represent the Committee. In this regard, the Committee notes the Firm's prior or

present representations of official committees in the chapter 11 cases of Northpoint

Communications (a DSL network company), Metricom (a wireless modem network company)

and Atkinson (a large construction company), as well as its representation of the chapter 11

debtors in Covad Communications (a DSL network company) and Daley Corporation (a

construction company). Therefore, the Committee believes that the Firm's retention is in the best

interests of the Committee and unsecured creditors generally.

7.      Subject to the approval of this Court, the Firm will charge the Committee for its

legal services on an hourly basis in accordance with its ordinary and customary rates, which are in

effect on the date the services are rendered, subject to periodic adjustment. The Committee has

been advised by the Firm that the current hourly rates, which will be charged in respect of the

primary members of the PSZY&J engagement team for the Committee, are as follows:

|                    |                   |
|--------------------|-------------------|
| Richard M. Pachulski | $595.00 per hour |
| John D. Fiero      | $375.00 per hour  |
| Jeffrey W. Dulberg | $330.00 per hour  |

Biographies of Messrs. Pachulski, Fiero and Dulberg are attached to the Fiero Declaration as

Exhibit A. From time to time, other PSZY&J attorneys may be involved in this case as needed.

Hourly rates of paralegals, partners, counsel and associates of PSZY&J range from $215.00 to

$595.00 per hour.

8.      In addition to the hourly rates previously referred to, the Committee is advised that

the Firm customarily charges clients for the costs of support services the firm provides in

connection with a representation, including, without limitation, court reporters, transcripts,

computerized research, filing fees, photocopying charges, facsimile transmissions, messengers,

courier mail, secretarial and administrative overtime, temporary services, travel, lodging, and

catering for meetings. (The firm does not charge for telephone calls, whether local or long

distance). Some of these services are provided by the Firm, others by third party service

providers under contract to the Firm. In certain cases, charges are set by such providers and in

other cases, the Firm establishes a customary charge. The Firm will charge costs incurred in a

3

manner and at rates consistent with charges generally made to the Firm's other clients. All

charges and costs for which the Firm will seek reimbursement are subject to Court approval

pursuant to the Bankruptcy Code and any administrative procedures established by order of this

Court.

9.      The Committee has been advised that PSZY&J will use every effort to staff the

engagement in a cost-effective manner, including utilizing the Firm's legal assistants to handle

those aspects of the case that can best be managed by a paralegal.

10.      Based on the Fiero Declaration, the Committee believes that the Firm is, in fact, a

"disinterested person" under applicable bankruptcy law and does not hold any interest adverse to

the Debtor's estate and, while employed by the Committee, will not represent any person having

an adverse interest in connection with these cases.

11.      The Committee believes that the employment of the Firm is necessary and in the

best interests of the estate, enabling the Committee to carry out its fiduciary duties owed to

creditors under the Bankruptcy Code.

12.      No previous application for relief requested herein has been made to this or any

other Court.

Wherefore, the Committee respectfully requests the Court to enter the accompanying

Order authorizing nunc pro tunc employment to November 14, 2001, of the Firm as its counsel to

the Committee, pursuant to Sections 328 and 1103 of the Bankruptcy Code, as well as

Fed.R.Bankr.P. 2014, with compensation and reimbursement of expenses to be paid pursuant to

Sections 330 and 331 of the Bankruptcy Code, and in accordance with applicable administrative

Case 01-83236-TJM   Doc 218   Filed 01/07/02   Entered 01/08/02 10:27:39   Desc Main
Document      Page 5 of 12

procedures established by Order of this Court, and for such other and further relief as the Court

deems proper and just.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF ADESTA
COMMUNICATIONS, INC.

By: _____

**VICTOR A. SAHN, ESQ.**
**300 S. Grand Ave., 14th Floor**
**Los Angeles, CA 90071**

**CHAIRMAN**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK01-83236 |
| ADESTA COMMUNICATIONS, INC., | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |

AFFIDAVIT OF JOHN D. FIERO IN SUPPORT OF APPLICATION FOR AN ORDER
AUTHORIZING THE COMMITTEE TO EMPLOY PACHULSKI,
STANG, ZIEHL, YOUNG & JONES AS GENERAL BANKRUPTCY COUNSEL

I, John D. Fiero, being duly sworn, depose and say:

1.      I am an attorney at law duly licensed to practice in the State of California and of

counsel to the law firm of Pachulski, Stang, Ziehl, Young & Jones, P.C. (PSZY&J or the

"Firm").  The Firm is proposed general bankruptcy counsel for the Official Committee of

Unsecured Creditors in the above-captioned case.  I have personal knowledge of the matters set

forth herein and if called as a witness would testify completely thereto.

The name, address, telephone number, and telecopier number of the Firm is:

> Pachulski, Stang, Ziehl Young & Jones, P.C.
> Three Embarcadero Center, Suite 1020
> San Francisco, California 94111
> Telephone:  (415) 263-7000
> Facsimile:   (415) 263-7010

The Firm also maintains an office at 10100 Santa Monica Boulevard, Suite 1100, Los Angeles,

CA 90067, phone (310) 277-6910, and fax (310) 201-0760.

2.      The Firm is experienced in the areas of insolvency, business reorganizations,

litigation and other debtor/creditor matters.  The Firm or members of the Firm have served

as general bankruptcy counsel to a wide range of debtors in various industries including the

DOCS_SF:16742.1

**EXHIBIT**

**A**

following: Covad Communications, Webvan Group, Inc., Quokka Sports, Inc., Adaptive

Broadband, Tri Valley Growers, AgriBioTech, Inc., UniSil Corporation, Star Graphic Arts,

Inc., Live Picture, Inc., Sizzler, Inc., Daley Corporation, Everex Systems, Inc., Penguin's

Frozen Yogurt, Inc./Penguin's Place, Inc., Imperial Hotels Corporation, Sunbelt Nursery

Group, Inc., TreeSweet Juice Company, Buffums Inc., F&C International, Commonwealth

Equity Trust, Toni Braxton, Susan Powter, Film Ventures International and Tandon

Corporation.  In addition, the Firm has served as counsel to the unsecured creditors'

committees in numerous chapter 11 cases including the following: Northpoint

Communications, Excite@home, Metricom, Inc., Guy F. Atkinson Company, First

Executive Corporation, First Capital Holdings Corporation, Qintex Entertainment, Inc.,

Pannell Kerr Forster, and C&R Clothiers Inc.  The Firm also has extensive experience in

representing trustees, individual creditors, special interest committees, asset purchasers and

investors in both in and out-of-court restructurings.  Professional biographies of the

attorneys in the Firm who will primarily handle the Committee's representation are attached

hereto Exhibit A.

        3.       Subject to further order of this Court, and without being exhaustive, the Firm

proposes to render the following types of legal services to the Committee:

        a.       to assist, advise and represent the Committee in its consultations with the

Debtor regarding the administration of this case;

        b.       to assist, advise and represent the Committee in analyzing the Debtor's

assets and liabilities, investigating the extent and validity of liens and participating in and

reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash

collateral stipulations or proceedings;

DOCS_SF:16742.1

c.      to assist, advise and represent the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

d.      to assist, advise and represent the Committee in connection with any review of management, compensation issues, analysis of retention or severance benefits, or other management related issues;

e.      to assist, advise and represent the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of any portion of the business, and any other matters relevant to this case or to the formulation of a plan;

f.      to assist, advise and represent the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

g.      to provide advice to the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

h.      to assist, advise and represent the Committee in the performance of all of its duties and powers under the Bankruptcy Code and the Bankruptcy Rules and in the performance of such other services as are in the interests of those represented by the Committee; and

i.      to assist, advise and represent the Committee in the evaluation of claims and on any litigation matters.

4.      The United States Trustee appointed the Committee on November 8, 2001. On November 14, 2001, the Committee resolved to retain the Firm. No payments were made to the Firm before or since its engagement, and no promises of payment have been received.

5.      The Firm has made the following investigation prior to submitting this verified statement. The Firm has undertaken a thorough review of its computerized data

DOCS_SF:16742.1

base which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's data base and to enter into that data base pertinent information regarding new clients or new matters. Thus, a review of the data base should reveal any and all actual or potential conflicts of interest with respect to a potential representation. The Firm has run the following parties through its conflict system: (a) the Debtor; and (b) the twenty largest unsecured creditors of the Debtor's estate, the banks in the lending syndicate. The Firm's investigation has not revealed any actual or potential conflicts of interest with respect to the Firm's proposed representation of the Debtor.

6.    The Firm is not a creditor, equity security holder or an insider of the Debtor.

7.    Neither the Firm, nor any associate, of counsel or shareholder of the Firm, is or was an investment banker for any outstanding security of the Debtor.

8.    Neither the Firm, nor any associate, of counsel or shareholder of the Firm, is or was, within three years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

9.    Neither the Firm, nor any associate, of counsel or shareholder of the Firm, is or was, within two years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

10.    Neither the Firm, nor any associate, of counsel or shareholder in the Firm has an interest materially adverse to the interests of the Debtor, its estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

DOCS_SF:16742.1

11.    To the best of my knowledge, except as disclosed herein, no attorney at the Firm has any connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any insider of the Debtor.

12.    The Committee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm for its expenses according to its customary reimbursement policies.  Richard M. Pachulski, John D. Fiero and Jeffrey W. Dulberg are the attorneys at the Firm who are expected to have primary responsibility for this case. Their current hourly rates are $595 (Pachulski) and $375 (Fiero) and $330 (Dulberg).

13.    The Firm understands that its compensation in this case is subject to the prior approval of the Court, after notice and a hearing, in accordance with Bankruptcy Code sections 328(a) and 330 and Bankruptcy Rule 2016, and the Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.  The Firm may seek interim compensation during the case at the times and in the amounts permitted by Bankruptcy Code sections 328(a) and 331 and Bankruptcy Rule 2016 and orders of the Court.

14.    There are no agreements or understandings between the Firm and any entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, except among the members or regular associates of the Firm.

15.    The Firm does not employ any person who is related to a judge of this Court or the United States Trustee for Region 13  Each attorney at the working on this matter is familiar with the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules and the United States Trustee Guidelines and will comply with them.

16.    To the best of my knowledge, after conducting or supervising the

DOCS_SF:16742.1

investigation described above, I believe the Firm is eligible for employment by the

Committee pursuant to Bankruptcy Code section 327(a).


    I have read the Application and, to the best of my knowledge, information and belief, the

contents of this Application are true and correct as they relate to the Firm and its members.

                                                John D. Fiero



**SWORN TO AND SUBSCRIBED BEFORE
ME THIS __20__ DAY OF December, 2001**


_____
STATE OF CALIFORNIA Nebraska
COUNTY OF SAN FRANCISCO Douglas

TERI A. KLOEWER
MY COMMISSION EXPIRES
February 22, 2003


DOCS_SF:16742.1

## BIOGRAPHICAL SKETCHES OF ATTORNEYS OF
## PACHULSKI, STANG, ZIEHL, YOUNG & JONES

## ATTORNEYS

### RICHARD M. PACHULSKI

Born Los Angeles, California, October 29, 1956; admitted to bar, 1979, California; U.S. Court of Appeals, Ninth Circuit and U.S. District Court, Northern, Central, Eastern and Southern Districts of California. Education: University of California at Los Angeles (B.A., summa cum laude, 1976); Stanford University (J.D., 1979). Phi Beta Kappa, Pi Gamma Mu. Extern to Judge Robert M. Takasugi, U.S. District Court, Central District of California, 1978-1979. Co-author: **"Chapter 11 - The Bank of Last Resort,"** 45 Bus. Law. 261, 1989. Member: Los Angeles County and American Bar Associations (Member, Section of Business Law); Association of Business Trial Lawyers; Financial Lawyers Conference (Member, Board of Governors, 1989-).

### JOHN D. FIERO

John D. Fiero is a litigator and counselor whose practice focuses primarily on business disputes, real estate litigation, and insolvency, Mr. Fiero's clients include businesses, creditors (both secured and unsecured), and property manager. With thirteen years experience in resolving troubled business relationships, he has represented clients in state, federal and bankruptcy courts throughout California. Currently, Mr. Fiero counts among his clients the Official Committee of Unsecured Creditors in In re PNI Technologies, Inc., and the Trade Committee in In re Metricom, Inc. Mr. Fiero previously represented the Creditors' Committee in In re Northpoint Communications. Mr. Fiero is the immediate past Chair of the Litigation and Dispute Resolution Committee of the Real Property Section of the American Bar Association. He received his B.A. degree, cum laude, from the University of Massachusetts in 1985 and his J.D. degree, cum laude, from the University of California, Hastings 1988.

### JEFFREY W. DULBERG

Born Queens, New York, January 8, 1970; admitted to bar, 1995, California; admitted to practice before all District Courts in California. Education: Swarthmore College (B.A., with honors, 1991); University of California at Los Angeles School of Law (J.D., 1995; Moot Court Honors Program). Member: American Bar Association, Los Angeles County Bar Association (Commercial Law and Bankruptcy Section), Los Angeles Bankruptcy Forum and Century City Bar Association.